# Delaware, Lackawanna & Western Railroad Company *v.* Water Power & Supply Company, Appellant.

*Contracts—Undisclosed intention—Covenants.*

An undisclosed purpose or intention of one party to a contract, not embodied in the contract, and not communicated to the other party, cannot affect the rights or obligations of the contracting parties under their covenants in an instrument in writing.

Argued March 7, 1910. Appeal, No. 85, Jan. T., 1909, by defendants, from judgment of C. P. Monroe Co., Feb. T., 1907, No. 17, on verdict by direction of the court in case of The Delaware, Lackawanna & Western Railroad Company v. The Monroe County Water Power & Supply Company, Van C. Peters and W. S. Shafer. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on a written contract. Before STAPLES, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiffs for $3,991.71. Defendants appealed.

*Errors assigned* were in refusing to enter judgment for defendants non obstante veredicto and in rejecting the offer of the defendants to show the interest which the defendants had in the retaining wall and backing and the reason for having it erected and the fill made.

*Harvey Huffman*, of *Eilenberger & Huffman*, with him *Shull & Shull*, for appellants.

*A. Mitchell Palmer*, with him *C. R. Bensinger*, for appellees.

OPINION BY MR. JUSTICE ELKIN, March 28, 1910:

This action is based on a written contract and the obligations of the contracting parties under that agreement were

fully considered by this court when the case was here before in Railroad Company v. Power and Supply Company, 221 Pa. 387. It was there held that, "When the work was done to the satisfaction of the railroad company, the party at whose instance and for whose protection it was done, and accepted by it in full compliance with the contractual obligation of the power company, there was substantial performance of the contract and the right to recover attached." This was intended to be and was a construction of the covenants entered into by the parties. At the first trial the learned court below gave binding instructions for defendants on the ground that there could be no recovery for part performance of an entire contract, or where there had been failure to complete in strict compliance with the specifications and requirements of the railroad company. The judgment was reversed on the ground that there had been substantial compliance with the terms of the contract when the work was approved by the inspector authorized under the terms of the contract to do so and when it was accepted by the railroad company in full compliance with the contractual obligation of the power company. When the record was remitted the power company filed a supplemental affidavit of defense and at the second trial undertook to show that it had an interest in the retaining wall and fill other than the protection of the embankment and right of way of the railroad company. This position would seem to be in flat contradiction of the admissions in the original affidavit of defense, the theory upon which the case was first tried, and the conceded facts stated in the paper-books when the case was here before on review. Whether it is ever proper to permit a defense absolutely contradictory in character to be set up in the court below after a reversal here, to say the least is doubtful, but as we view this record it is not necessary to pass upon this question of pleading and practice in the present case. The offer of testimony to show that before the erection of the power plant was commenced, and prior to the contracts with the railroad company, it was the purpose and intention of the power company to erect and maintain a retaining wall with earth back-

ing was properly excluded without reference to the question whether this was in contradiction of the original affidavit of defense and conceded facts at the first trial or not. An undisclosed purpose or intention of the power company, not embodied in the contract, and not communicated to the railroad company, could in no way affect the rights or obligations of the contracting parties under their covenants in an instrument in writing. When the case was here before we construed the contract, and there is nothing in this record to warrant the court in giving a different construction to it now.

Assignments of error overruled and judgment affirmed.